## UNITED STATES v. ZEOLI.
### No. 9656.

United States Court of Appeals
Third Circuit.

Argued June 22, 1948.
Decided Sept. 30, 1948.

John M. Smith, Jr., of Philadelphia, Pa., for appellant.

Walter A. Gay, Jr., of Philadelphia, Pa. (Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN and O'CONNELL, Circuit Judges.

O'CONNELL, Circuit Judge.

Much of the background of the instant appeal is reported in United States v. Curzio, 3 Cir., 1948, 170 F.2d 354, decided this date. Appellant was one of the four defendants indicted and acquitted on the conspiracy charge outlined in the Curzio opinion. As was the situation with Curzio, appellant too had been charged on a separate indictment with commission of substantive offenses. These were (a) illegal possession of 400 gasoline ration coupons, and (b) possession with intent to utter 400 counterfeited gasoline ration coupons, both on June 30, 1945. After both sides had closed, the court directed an acquittal on the former count, because of the absence of evidence on that ground, and left the second to the jury. Having been found guilty on the second court, Zeoli has appealed.

On the question whether the former acquittal of the conspiracy charge barred the instant prosecution on the substantive offense, we need not here repeat the discussion in the Curzio opinion. As has been set forth in that opinion, the judge at the conspiracy trial clearly based his acquittal solely upon the ground that a conspiracy had not been proved. The record of the conspiracy trial shows that he did not decide whether or not appellant transferred 400 counterfeited gasoline ration coupons to Portella. Moreover, it should be noted that the overt act of the conspiracy indictment which involved appellant was *transfer* of the coupons, while the offense here charged was *possession with intent to utter*. Obviously, appellant could have possessed the coupons and not transferred them to Portella, which would have justified an acquittal of the conspiracy charge and conviction of the substantive offense. Either of these reasons is ample ground for rejecting the argument that res judicata barred subsequent trial on the substantive offenses.

Assigning as error the admission of two of the counterfeited stamps into evidence, appellant further alleges that, if the prosecution wished such evidence to be considered, all 400 stamps should have been offered and in any event the custody of these two stamps in the interval between their seizure and trial had to be first explained. Appellant cites no authority, however, and we know of none, which would have required the prosecution to produce all 400 stamps. On the basis of our examination of the testimony, we are satisfied that the jury had ample ground for determining that the two stamps were part of a batch of 400, that the stamps were counterfeited, and that they had been in defendant's possession immediately prior to seizure. Moreover, the government witness specifically testified that, once the two stamps were seized, he kept them, along with his reports, in his possession. In view of the jury verdict, we must infer that the jury believed the two stamps continuously remained in his custody thereafter. Even if we were to assume arguendo that the custody in the interim had not been established, however, we think such omission would be immaterial, for there was oral testimony from which the jury could properly determine

360

that the two stamps offered in evidence were the identical stamps found in defendant's possession. Under the circumstances, we can see no error in admitting the two stamps into evidence, particularly when the court charged the jury that it could "consider the Government's failure to produce all of these stamps into evidence as bearing on the truth of the allegations put forth by the Government agent and by the defendant. * * * Now I say to you it is not necessary under the law for the Government to produce them all, but I also say that that is an element to be considered by you, whether the failure of the Government to produce all of the stamps is because they never had those stamps or because they were lost or because anything else happened * * *." The rights of appellant were certainly given full protection on this score.

■ Finally, appellant seeks reversal upon the ground that an experienced government witness presented hearsay testimony after having been cautioned by the court and that the court erred in not granting a mistrial as a result thereof. The record does not support this contention. Although the witness in question did start to offer hearsay testimony, the trial judge took prompt and clear remedial action. The statements of the witness definitely were not of a nature to create an ineradicable prejudice in the minds of the jury. Reversible error was not here committed.

Our independent review convinces us that appellant was afforded a fair trial. The judgment of conviction will accordingly be affirmed.